## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

| | | |
|---|---|---|
| STEPHANIE LITTLE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil No. TMD 17-1907 |
| v. | * | |
| | * | |
| | * | |
| NANCY A. BERRYHILL, | * | |
| Acting Commissioner of Social Security, | * | |
| | * | |
| Defendant.[1] | * | |

**\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM OPINION GRANTING PLAINTIFF'S
## ALTERNATIVE MOTION FOR REMAND

Plaintiff Stephanie Little seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 17) and Defendant's Motion for Summary Judgment (ECF No. 18).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 17) is **GRANTED**.

---

[1] On April 17, 2018, Nancy A. Berryhill became the Acting Commissioner of Social Security. *See* 5 U.S.C. § 3346(a)(2); *Patterson v. Berryhill*, No. 2:18-cv-00193-DWA, slip op. at 2 (W.D. Pa. June 14, 2018).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## Background

Born in 1975, Plaintiff has a college education and previously worked as a contract specialist, assistant controller, audit clerk, and receptionist. R. at 35, 198, 206, 210. Plaintiff protectively filed an application for DIB on November 21, 2012, alleging disability beginning on November 19, 2010, due to bipolar disorder; major depression; post-traumatic stress disorder; panic/anxiety disorder; chronic gastritis; osteoarthritis of the knees, feet, neck, and spine; edema, diabetes, anemia, fibromyalgia, and scoliosis. R. at 21, 155-60, 206, 209. The Commissioner denied Plaintiff's application initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. at 71-97, 99-113. On April 5, 2016, ALJ Thomas Mercer Ray held a hearing in Washington, D.C., where Plaintiff and a vocational expert ("VE") testified. R. at 43-70. On June 17, 2016, the ALJ issued a decision finding Plaintiff not disabled from the alleged onset date of disability of November 19, 2010, through the date of the decision. R. at 18-42. Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on May 11, 2017. R. at 1-7, 153-54, 291-93. The ALJ's decision thus became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On July 11, 2017, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

## Summary of Evidence

**A.   Plaintiff's Testimony**

The ALJ reviewed Plaintiff's testimony in his decision:

> At the hearing, [Plaintiff] testified that she could not work due to the following impairments: arthritis, fibromyalgia, neuropathy, and depression as well as symptoms of headaches, suicidal/homicidal thoughts, and problems with memory, concentration, and sleep cycle. [Plaintiff] further alleged bipolar disorder, posttraumatic stress disorder (PTSD), panic disorder, anxiety disorder, chronic gastritis, osteoarthritis of the knees, feet, neck, and spine, edema, type II diabetes mellitus, iron deficiency, anemia, lumbar scoliosis and bulging discs, racing thoughts, panic attacks, and crying spells.
>
> [Plaintiff] testified she graduated from high school and has a B.A. degree in fine arts. She last worked in Washington, DC as a contract specialist and stopped in November 2010 due to a motor vehicle accident. She was on short-term disability until 2013. She had a flare up of fibromyalgia after the motor vehicle accident. She also has neuropathy. She has had physiological impairments since 2008. She had psychiatric hospitalizations in 2012 and 2014 for suicidal/homicidal thoughts. She has problems with concentration, memory, and sleep cycle, and she keeps a sleep log. As aforementioned, she testified to not going out much (the last time was a year ago), difficulty being around unfamiliar people, reading only a few pages of a book before getting bored, and falling asleep while watching TV. However, she also testified to driving her mother's car and having a couple of friends she texts or calls.

R. at 28 (citation omitted); *see* R. at 53-64.

**B.   VE Testimony**

The VE testified that a hypothetical individual with the same age, education, and work experience as Plaintiff and with the residual functional capacity ("RFC") outlined below in Part III could not perform Plaintiff's past work but could perform the light, unskilled jobs of mail clerk, router, or photocopy machine operator.[3]  R. at 67-68.  No unskilled work would be

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). "Unskilled work is work which

available to such a hypothetical individual who additionally would be productive for only 80% of an eight-hour workday. R. at 68. Further, no unskilled work would be available to such a hypothetical individual absent from work for two days per month on an unscheduled basis. R. at 68-69. With the exception of the VE's testimony regarding productivity and absenteeism, the VE's testimony was consistent with the *Dictionary of Occupational Titles*[4] (the "DOT"). R. at 69.

## III

## Summary of ALJ's Decision

On June 17, 2016, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the alleged onset date of disability of November 19, 2010; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) was unable to perform her past relevant work; but (5) could perform other work in the national economy, such as a mail clerk, router, or photo machine operator. R. at 24-37. The ALJ thus found that she was not disabled from November 19, 2010, through the date of the decision. R. at 37.

---

needs little or no judgment to do simple duties that can be learned on the job in a short period of time." *Id.* § 404.1568(a).

[4] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *see Pearson v. Colvin*, 810 F.3d 204, 205 n.1 (4th Cir. 2015); *DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. § 404.1566(d)(1). "Information contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption." *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

4

In so finding, the ALJ found that, with regard to concentration, persistence, or pace, Plaintiff had moderate difficulties. R. at 26.

> [Plaintiff's] adult function reports noted her having problem completing tasks and having problems with concentration. However, as aforementioned, she also noted checking blood sugar levels, taking medications, taking care of pet dogs at times, independent personal care, driving, preparing meals, doing laundry, washing dishes, paying bills, and getting on Facebook[,] all of which tends to show concentration, persistence and pace. [Plaintiff] testified to reading only a few pages of a book before getting bored and falling asleep while watching TV. However, she also testified to driving her mother's car, which tends to show the ability to concentrate. The undersigned agrees with State agency psychological consultant, Dr. Wiener, that [Plaintiff] has moderate restriction in this area due to mental impairment.

R. at 26 (citations omitted). The ALJ then found that Plaintiff had the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) except she could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds. She could stand or walk for a total of 4 hours in an 8-hour workday. She could sit for a total of 6 hours in an 8-hour workday. She could push or pull, as much as she can lift and or carry, but only frequently use foot controls. She could occasionally climb ramps or stairs. She could never climb ladders, ropes or scaffolds. She could occasionally balance, stoop, crouch, kneel, and crawl. She can constantly understand, remember and carry out instructions concerning routine tasks. She can frequently understand, remember and carry out instructions concerning detailed tasks. She can constantly make simple decisions. She can frequently make detailed decisions. She can have frequent interaction with coworkers and supervisors. She can have occasional interaction with the public.

R. at 27. The ALJ considered Plaintiff's credibility and found that her "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." R. at 33.

# IV

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[5]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a

---

[5] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

V

**Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is

supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## VI

### Discussion

Plaintiff contends that the ALJ erroneously assessed her RFC contrary to Social Security Ruling[6] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). Pl.'s Mem. Supp. Mot. Summ. J. 7-12,

---

[6] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

ECF No. 17-1. Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of her ability to perform the physical and mental demands of work. *Id.* at 9. In particular, she contends that, although the ALJ found that she had moderate difficulties with regard to concentration, persistence, or pace, the ALJ failed to include any limitation on concentration, persistence, or pace in the RFC assessment. *Id.* at 11-12. Rather, according to Plaintiff, the ALJ determined that she was able to understand, remember, and carry out instructions concerning routine tasks constantly. *Id.* at 11 (citing R. at 27). Plaintiff further asserts that the ALJ erroneously relied on the VE's testimony because the ALJ's hypothetical question to the VE did not accurately reflect her RFC and because the VE's testimony was contradictory and conflicted with the DOT. *Id.* at 3-7. For the reasons discussed below, the Court remands this case for further proceedings.

> SSR 96-8p explains how adjudicators should assess RFC and instructs that the RFC
>
> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's

capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

The Fourth Circuit further held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The court in *Mascio* remanded the case for the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC. *Id.* In other words, "[p]ursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec.*, Civil Case No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015), *report and recommendation adopted* (D. Md. June 5, 2015).

Here, the ALJ's hypothetical question to the VE and corresponding RFC assessment limiting Plaintiff to making simple decisions constantly or frequently and to understanding, remembering, and carrying out instructions concerning simple or routine tasks constantly (R. at 27, 67) do not account for her moderate difficulties in maintaining concentration, persistence, or pace. *See Owens v. Berryhill*, Civil No. TJS-17-2313, 2018 WL 2175555, at *2 (D. Md. May 11, 2018) (citing *Mascio*, 780 F.3d at 638); *Langevin v. Berryhill*, No. 7:16-CV-00144-FL, 2018 WL 3298079, at *7-8 (E.D.N.C. Jan. 10, 2018), *report and recommendation adopted*, No. 7:16-CV-00144-FL, 2018 WL 1535477 (E.D.N.C. Mar. 29, 2018); *Thomas v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-16-1229, 2017 WL 1193990, at *2 (D. Md. Mar. 29, 2017). Because "[t]here is no corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses [Plaintiff's] ability to sustain work throughout an eight-hour workday," the Court is "unable to ascertain from the ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace." *Miles v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-16-1397, 2016 WL 6901985, at *2 (D. Md. Nov. 23, 2016). Remand under the fourth sentence of 42 U.S.C. § 405(g) thus is appropriate under *Mascio*. *See id.*

The ALJ failed, moreover, to explain how, despite Plaintiff's limitations, she could remain on task for more than 80% of an eight-hour workday and not be absent from work for two days per month. While "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)), "the ALJ 'must build an accurate and logical bridge from the evidence to his conclusion.'" *Monroe*, 826 F.3d at 189 (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). In particular, the ALJ

"must build a logical bridge between the limitations he finds and the VE evidence relied upon to carry the Commissioner's burden at step five in finding that there are a significant number of jobs available to a claimant." *Brent v. Astrue*, 879 F. Supp. 2d 941, 953 (N.D. Ill. 2012). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). In short, the inadequacy of the ALJ's analysis frustrates meaningful review. *See Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) (remanding because, *inter alia*, ALJ did not build accurate and logical bridge between claimant's moderate difficulties in various functional areas and ALJ's finding that claimant would not be off task more than 10% of workday); *Carter v. Berryhill*, No. 2:17-CV-04399, 2018 WL 4169108, at *3 (S.D.W. Va. Aug. 30, 2018) (remanding because ALJ "did not build a bridge from the evidence regarding [the claimant's] limitations to the conclusion that she would be off-task fifteen percent (15%) of the day, in addition to regular breaks"); *Ashcraft v. Colvin*, No. 3:13-cv-00417-RLV-DCK, 2015 WL 9304561, at *11 (W.D.N.C. Dec. 21, 2015) (remanding under fourth sentence of 42 U.S.C. § 405(g) because court was unable to review meaningfully ALJ's decision that failed to explain exclusion from RFC assessment an additional limitation of being 20% off task that VE testified would preclude employment). Remand under the fourth sentence of 42 U.S.C. § 405(g) for this reason is warranted as well, and the Court does not address Plaintiff's remaining arguments. *See Monroe*, 826 F.3d at 189; *see also Testamark v. Berryhill*, __ F. App'x __, No. 17-2413, 2018 WL 4215087, at *3 n.2 (4th Cir. Aug. 31, 2018) (per curiam) (unpublished). In any event, because remand is warranted on other grounds, the ALJ also should address these other deficiencies identified by Plaintiff. *See Roxin v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-2311, 2015 WL 3616889, at *4 (D. Md. June 5, 2015); *Lawson v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-2202, 2015 WL 660827, at *1-2 (D. Md. Feb. 13, 2015).

## VII

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 18) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 17) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 17) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: September 12, 2018        /s/
                                Thomas M. DiGirolamo
                                United States Magistrate Judge